UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUGO G., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW SAUL, Commissioner of Social Security, <br><br> Defendant. | Case No.: 20cv153-MDD <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT** <br><br> [ECF Nos. 15, 16] |

Hugo G. ("Plaintiff") filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final administrative decision of the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's application for a period of disability and disability insurance benefits under Title II of the Social Security Act ("Act") and for supplemental security income under Title XVI of the Act. (AR at 15).[1] For the reasons expressed herein, the Court **DENIES** Plaintiff's motion for summary judgment [ECF No. 15] and **GRANTS** the Commissioner's cross motion for summary

---

[1] "AR" refers to the Certified Administrative Record filed on November 19, 2020. (ECF No. 11).

judgment [ECF No. 16].

## I. BACKGROUND

Plaintiff was born October 5, 1977. (AR at 25). On the alleged disability onset date, Plaintiff was 34 years old, which defined him as a younger individual. (*Id.*).

### A. Procedural History

On October 15, 2015, Plaintiff protectively filed an application for a period of disability and disability insurance benefits under Title II of the Act and supplemental security income under Title XVI of the Act, alleging a disability beginning on November 20, 2011. (AR at 15). After his application was denied initially and upon reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). (*Id.*). An administrative hearing was held on February 8, 2019. (AR at 32-54). Plaintiff appeared and was represented by his attorney, Steven Rosales. (*See id.*). Testimony was taken from Plaintiff, Gloria Lassaw, an impartial vocational expert ("VE"), and Dr. Gaeta, a medical expert. (*Id.*). On February 21, 2019, the ALJ issued a decision denying Plaintiff's claim for a period of disability and disability insurance benefits and for supplemental security income. (AR at 15-26).

Plaintiff sought review with the Appeals Council. (*See* AR at 5). On November 26, 2019, the Appeals Council denied Plaintiff's request for review and declared the ALJ's decision to be the final decision of the Commissioner in Plaintiff's case. (AR at 1). This timely civil action followed.

## II. DISCUSSION

### A. Legal Standard

Sections 405(g) and 1383(c)(3) of the Social Security Act allow unsuccessful applicants to seek judicial review of a final agency decision of the Commissioner. 42 U.S.C. §§ 405(g), 1383(c)(3). The scope of judicial

review is limited in that a denial of benefits will not be disturbed if it is supported by substantial evidence and contains no legal error. *Id.*; *see also Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1993 (9th Cir. 2004).

Substantial evidence "is a 'term of art' used throughout administrative law to describe how courts are to review agency factfinding." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Courts look "to an existing administrative record and ask[] whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Id.* "[T]he threshold for such evidentiary sufficiency is not high. Substantial evidence, [the Supreme Court] has said, is 'more than a mere scintilla.' It means—and only means—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* The Ninth Circuit explains that substantial evidence is "more than a mere scintilla but may be less than a preponderance." *Molina v. Astrue*, 674 F.3d 1104, 1110-11 (9th Cir. 2012) (quotation marks and citations omitted), *superseded by regulation on other grounds*.

An ALJ's decision is reversed only if it "was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard." *Id.* "To determine whether substantial evidence supports the ALJ's determination, [the Court] must assess the entire record, weighing the evidence both supporting and detracting from the agency's conclusion." *Ahearn v. Saul,* 988 F.3d 1111, 1115 (9th Cir. 2021) (citing *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001)). The Court "may not reweigh the evidence or substitute [it's] judgment for that of the ALJ." *Id.* "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). "When the evidence can rationally be interpreted in

more than one way, the court must uphold the [ALJ's] decision." *Mayes*, 276 F.3d at 459.

Section 405(g) permits a court to enter a judgment affirming, modifying or reversing the Commissioner's decision. 42 U.S.C. § 405(g). The reviewing court may also remand the matter to the Social Security Administration for further proceedings. *Id.*

### B. Summary of the ALJ's Findings

In rendering his decision, the ALJ followed the Commissioner's five-step sequential evaluation process. *See* C.F.R. § 404.1520. At step one, the ALJ found that Plaintiff did not engage in substantial gainful activity during the period from his amended alleged onset date of November 20, 2011. (AR at 17).

At step two, the ALJ found that Plaintiff had the following severe impairments: post gunshot wound with humerus fracture with history of nonunion and chronic pain. (*Id.*).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in the Commissioner's Listing of Impairments. (AR at 21) (citing 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526)).

Next, after considering the entire record, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work with the following limitations:

> [T]he claimant can lift and/or carry 20 pounds occasionally and 10 pounds frequently; the claimant can sit for 6 hours in an 8-hour workday; the claimant can stand and/or walk for 6 hours in an 8-hour workday; The claimant can frequently climb ramps, stairs, ropes, ladders and scaffolds; the claimant can frequently balance,

> stoop, kneel, crouch and crawl; the claimant can frequently be exposed to environmental factors but claimant cannot be exposed to concentrated temperature extremes; the claimant cannot reach, handle, finger, push or pull with the left upper extremity, but the left upper extremity may assist the right upper extremity with lifting and/or carrying within the aforementioned limitations.

(AR at 19-20).

The ALJ said that his RFC assessment was based on all the evidence and the extent to which Plaintiff's symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. (AR at 20). The ALJ also stated that he considered the opinion evidence in accordance with the requirements of 20 C.F.R. 404.1527 and 416.927. (*Id.*).

The ALJ then proceeded to step four of the sequential evaluation process. He found Plaintiff was unable to perform his past relevant work. (AR at 24).

For the purposes of his step five determination, the ALJ accepted the testimony of VE Gloria Lassaw. The ALJ determined that Plaintiff could perform jobs identified by the VE which exist in significant numbers in the national economy. For example, cashier (DOT 211.462-010), usher (DOT 344.677-014), and advertising material distributor (DOT 230.687-010).

C. **Issues in Dispute**

The issues in dispute in this case are: (1) whether the ALJ properly considered Plaintiff's subjective symptom testimony; and (2) whether the ALJ properly considered the lay witness testimonial evidence.

**1. Plaintiff's Subjective Symptom Testimony**

Plaintiff testified that he cannot lift more than ten to fifteen pounds and that he has "real bad nerve damage." (AR at 37). He further testified that hot and cold temperatures bother him. (*Id.*). In terms of pain, Plaintiff

explained that he has a constant, throbbing pain, that he is always tense, and that his nerves feel "knotted up." (AR at 40). He testified that medication helps "a bit," but "not really to be honest." (*Id.*). Plaintiff conceded that he would likely be able to do a job where he primarily used his non-injured arm, like a greeter or an usher. (AR at 38-39).

"[W]here, as here, the ALJ 'determines that a claimant for Social Security benefits is not malingering and has provided objective medical evidence of an underlying impairment which might reasonably produce the pain or other symptoms [he] alleges, the ALJ must reject the claimant's testimony about the severity of those symptoms only by providing specific, clear, and convincing reasons for doing so.'" *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020) (quoting *Brown-Hunter v. Colvin*, 806 F.3d 487, 488-89 (9th Cir. 2015)). "This requires the ALJ to 'specifically identify the testimony [from a claimant] she or he finds not to be credible and . . . explain what evidence undermines that testimony.'" *Id.* (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014)).

In this case, the ALJ generically found that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (AR at 20). The Ninth Circuit has repeatedly found this language to be insufficient and "boilerplate." *See id.* at 1277; *Treichler*, 775 F.3d at 1103; *see also Brown-Hunter*, 806 F.3d at 493 (finding the statement to be "conclusory" and that it "failed to identify specifically which of Brown-Hunter's statements she found not credible and why"). Like *Lambert*, *Brown-Hunter*, and *Treichler*, the ALJ's decision in this case does not "identify what parts of the claimant's testimony were not credible and why." *Treichler*, 775 F.3d at 1103.

This Court "'cannot review whether the ALJ provided specific, clear, and convincing reasons for rejecting [Plaintiff's] . . . testimony where, as here, the ALJ never identified *which* testimony [he] found not credible, and never explained *which* evidence contradicted that testimony.'" *Lambert*, 980 F.3d at 1277 (quoting *Brown-Hunter*, 806 F.3d at 494). The ALJ was required to do more than offer "non-specific conclusions" that Plaintiff's testimony was inconsistent with his medical record. *Id.* (quoting *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014) (explaining that we may not "take a general finding—an unspecified conflict between [c]laimant's testimony . . . and her reports to doctors—and comb the administrative record to find specific conflicts")). The ALJ provided a detailed overview of Plaintiff's medical history, but "providing a summary of medical evidence . . . is not the same as providing clear and convincing *reasons* for finding the claimant's symptom testimony not credible." *Brown-Hunter*, 806 F.3d at 494. As such, the ALJ erred in assessing Plaintiff's subjective symptom testimony.

The Court must next consider whether the error was harmless. "An error is harmless only if it is inconsequential to the ultimate nondisability determination, or if despite the legal error, the agency's path may reasonably be discerned." *Id.* (citations and internal quotation marks omitted).

*Lambert*, *Brown-Hunter*, and *Treichler* found errors based on this boilerplate language not harmless. *See Lambert*, 980 F.3d at 1269; *Brown-Hunter*, 806 F.3d at 489-91; *Treichler*, 775 F.3d at 1095-97 n.2. However, the plaintiffs' testimonies and RFCs in those cases were contradictory. For example, in *Lambert*, the plaintiff testified that it is difficult for her to walk, that her pain is "debilitating," and that she "spends most of her time in her bedroom 'because it's unbearable to move.'" *Lambert*, 980 F.3d at 1269. Nonetheless, the ALJ found that Plaintiff "could perform modified 'light

7

work,' which includes lifting up to twenty pounds, a 'good deal of walking and standing,' and 'pushing and pulling of arm or leg controls.'" *Id.* In *Brown-Hunter*, the plaintiff was assessed with an RFC "to perform light work" despite the plaintiff's testimony that she could only sit for about an hour and stand for about forty-five minutes. *Brown-Hunter*, 806 F.3d at 489-91. In *Treichler*, the plaintiff testified that he was "not very mobile," and has to sit down after five to ten minutes of standing due to pain. *Treichler*, 775 F.3d at 1095 (internal quotation marks omitted). The ALJ found that the plaintiff could perform light work, except that he "must change positions every 15 minutes. . . ." *Id.* at 1097 n.2 (internal quotation marks omitted).

This case is distinguishable because Plaintiff's testimony supports the RFC determination. (*See* AR at 24) (indicating that the RFC "assessment is supported by the testimony of [Plaintiff]"). For example, the RFC and Plaintiff's testimony both indicate that Plaintiff can lift ten pounds frequently and twenty pounds occasionally if his left upper extremity assists the right upper extremity, that Plaintiff cannot be exposed to concentrated temperature extremes, and that Plaintiff cannot reach, handle, finger, push or pull with the upper left extremity. (*See* AR at 19-20, 37-40, 283-91). Further, Plaintiff does not challenge the RFC assessment and does not specify portions of his testimony that require a more restrictive RFC. (ECF No. 15-1). Accordingly, the Court finds that the ALJ's error was harmless.

**2. Lay Witness Testimony**

The Commissioner's regulations require that, in determining whether a claimant is disabled, the ALJ consider statements provided by nonmedical sources such as family members about the severity of the claimant's impairments and how the impairments and any related symptoms affect the claimant's ability to work. *See* 20 C.F.R. §§ 404.1513(b)(4),

404.1529(a). Lay witness testimony as to how a claimant's symptoms affect the claimant's ability to work is competent evidence and cannot be disregarded without providing specific reasons germane to the testimony rejected. *See Van Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996).

Plaintiff's sister completed a third-party function report. (AR at 273-80). She visits with Plaintiff three to four days a week and explained that Plaintiff is constantly in pain. (AR at 273). According to Plaintiff's sister, Plaintiff does not do much because his doctor put limitations on his arm. (AR at 277). He does not do any household chores, care for anyone else, and does not cook for himself. (AR at 273-75). She also explains that Plaintiff stutters and gets nervous when he speaks. (AR at 278).

The ALJ assigned Plaintiff's sister's opinion "partial weight" because it "is not supported by the clinical or diagnostic medical evidence," including opinion evidence from acceptable medical sources that indicate Plaintiff is more functional than his sister opined. (AR at 21). For example, she opined that Plaintiff was constantly in pain and could not move his arm much, but the medical record shows that Plaintiff's pain "is somewhat abated on his medication, that he had regained range of motion in his shoulder, and that his last surgery was successful." (*Id.*). The medical record does show that Plaintiff had functional range of motion at least as of June 10, 2016. (AR at 647). Plaintiff regained full range of motion on July 7, 2016. (AR at 617). Moreover, Drs. J. Hartman, B. Harris, and Gaeta opined that Plaintiff could perform light work activity. (AR at 46-48, 63-64, 75-77, 88-91, 99-101). An ALJ can reject lay witness testimony to the extent that it conflicts with other testimony and the medical evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005); *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001). Accordingly, the ALJ did not err in evaluating Plaintiff's sister's testimony.

## III. CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's motion for summary judgment and **GRANTS** the Commissioner's cross-motion for summary judgment. The Clerk of Court is instructed to enter judgment accordingly.

**IT IS SO ORDERED.**

Dated: June 23, 2021

Hon. Mitchell D. Dembin
United States Magistrate Judge